UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　　　CASE NO.   8:12-cr-85-T-23TGW
　　　　　　　　　　　　　　　　　　　　　　　　　　　　8:14-cv-1295-T-23TGW
ADONIS BRENTON HARTSFIELD
_____/

**O R D E R**

Hartsfield pleaded guilty with the benefit of a plea agreement and, as a consequence, stands convicted of both possession of marijuana and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Hartsfield serves 188 months as an armed career criminal. Hartsfield's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his sentence under the Armed Career Criminal Act ("ACCA"). The motion to vacate lacks merit.

**I.  FACTS**[1]

> On or about January 2, 2012, the defendant was a passenger in a car pulled over by officers from the Clearwater Police Department within the Middle District of Florida. Based on the smell of marijuana emanating from the vehicle, the officers ultimately searched the car and found a purple bag on the floor of the back seat. Inside that bag, the officers found 10 baggies of marijuana that were packaged for distribution. Also inside of the purple bag, underneath the baggies containing the marijuana, was a loaded, .45 caliber Springfield Armory pistol. As the officers placed the defendant in handcuffs, the defendant stated, "[I]t's all mine . . . . There's some weed in there, some

---

[1] This summary of the facts is from the plea agreement. (Doc. 19 at 16–17)

>   weed and a gun." Later, in a post-*Miranda* statement to the officers, the defendant further admitted to having recently bought the gun, but had it as a "coincidence." Finally, the .45 caliber Springfield Armory pistol and its ammunition were manufactured outside the state of Florida, so both the firearm and ammunition would have traveled in and otherwise affected interstate or foreign commerce to be in the defendant's possession on or about January 2, 2012.

At sentencing Hartsfield offered no objection to the above facts as repeated in the pre-sentence investigation report ("PSI").[2] Hartsfield alleges that trial counsel rendered ineffective assistance at sentencing by not challenging the applicability of the ACCA.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Hartsfield asserts a claim of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim, as *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains:

>   The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective

---

[2] Although not included in the factual basis in the plea agreement, the presentence report reveals that there were three minor children in the car with Hartsfield.  At sentencing Hartsfield stated that two of the minors were his children (ages four and one) and the other child was a friend's daughter (age eight). (Doc. 41 at 12)

> assistance of counsel claims. According to *Strickland*, first, the
> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Hartsfield must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment." 466 U.S. at 691–92. To meet this burden, Hartsfield must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

### III.  GUILTY PLEA

Hartsfield pleaded guilty and accepted the above factual basis. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). This waiver of rights includes a claim of ineffective assistance of counsel based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).[3] Consequently, Hartsfield's guilty plea waives both a substantive claim and a purported failing of counsel that occurred before entry of the plea.

### IV.  GROUNDS FOR RELIEF

The only ground in the motion to vacate challenges Hartsfield's sentence as an armed career criminal. Hartsfield's indictment charges him with having nine prior convictions for violating Florida's controlled substance laws, six of which involved

---

[3] A guilty plea does not waive the right to challenge the validity of the plea. *See Wilson*, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Hartsfield asserts no challenge to the validity of the plea.

either the sale of, or the intent to sell, a controlled substance. The PSI shows that each prior conviction is based on a criminal act that occurred on a separate day. Hartsfield asserted no challenge to the prior convictions identified in the PSI. The failure to challenge the PSI waives the right to challenge each prior conviction. *United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (The defendant "was deemed to have admitted, for sentencing purposes, the facts in the PSI he did not object to clearly and specifically at sentencing."); *United States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006) ("Bennett failed to object to the facts of his prior convictions as contained in his PSI and addendum to the PSI despite several opportunities to do so; thus, he is deemed to have admitted those facts."); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes").

Hartsfield attempts to circumvent this waiver by arguing that his trial counsel rendered ineffective assistance by not challenging the calculation of his sentence, specifically, his eligibility for a sentence as an armed career criminal. Hartsfield's appeal waiver precludes this claim, as *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied* 546 U.S. 902 (2005), explains:

> [A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. [A] contrary result would permit a defendant

> to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

*See also United States v. Wilson*, 445 Fed. App'x 203, 208-09 (11th Cir. 2011) (enforcing the appeal waiver in a plea agreement and applying *Wilson* to dismiss the appeal of a claim of ineffective assistance of counsel at sentencing). Moreover, when he pleaded guilty Hartsfield acknowledged that he "can't later complain about the calculation[, including] being unable to come back and complain that your lawyer is somehow ineffective with respect to the guidelines." (Doc. 44 at 28)

Nevertheless, Hartsfield's claim lacks merit. Three prior convictions for a violent felony or a serious drug offense, or a combination of each, are required for a sentence under the ACCA. Hartsfield contends that the prior drug convictions are based on a statute that "does not require the state to prove the defendant knew the illicit nature of the substance charged, and is not a 'Controlled Substance Offense' as defined in § 4B1.2." (underlying original) (Doc. 2 at 2) Hartsfield also contends that the prior convictions were not properly proven as required under *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). This same argument was rejected in *United States v. Burton*, 564 Fed. App'x 1017, 1019–20 (2014)[4] (brackets original):

> Burton argues that a § 893.13(a)(1) violation can never be a controlled substance offense in U.S.S.G. § 4B1.2(b) because

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> only knowledge of the presence of the substance, but not its illicit nature, is an element of a § 893.13(1)(a) offense. *See State v. Adkins*, 96 So. 3d 412, 415–16, 423 (Fla. 2012); *see also Shelton v. Sec'y, Dep't of Corrs.*, 691 F.3d 1348, 1350–51 (11th Cir. 2012), *cert. denied*, ___U.S. ___, 133 S. Ct. 1856, 185 L. Ed. 2d 822 (2013) (explaining that the Florida legislature's 2002 amendment to § 893.13(1)(a) "did not completely eliminate *mens rea* from Florida drug crimes;" it converted one aspect of *mens rea* [the illicit nature knowledge] from an element of the crime into an affirmative defense). However, the plain language of § 4B1.2(b) does not require knowledge of the substance's illicit nature for an offense to be a controlled substance offense. *See* U.S.S.G. § 4B1.2(b) (requiring only that the state law "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance"). Thus, Burton cannot show plain error.
>
> Burton relies on *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), but *Donawa* has no application here. *Donawa* involved whether an alien's conviction under Florida Statutes § 893.13(1)(a) qualified as an "aggravated felony" under the Immigration and Nationality Act, which defines the term to include drug trafficking offenses listed in 18 U.S.C. § 924(c)(2). *Donawa*, 735 F.3d at 1280. Burton's reliance on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), is similarly misplaced. *Descamps* concluded that a defendant's prior California burglary conviction did not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Descamps*, 133 S. Ct. at 2285–86. Given that *Descamps* and *Donawa* address other federal statutes and do not address whether an offense under Florida Statutes § 893.13(1)(a) is a controlled substance offense under U.S.S.G. § 4B1.2(b), their holdings cannot establish plain error in this case.

Hartsfield's prior convictions for the sale of, or the intent to sell, a controlled substance are not convictions for simple possession of a controlled substance. *See Salinas v. United States*, 547 U.S. 188, 188 (2006) (holding that, because some form of intent to manufacture, import, export, distribute, or dispense is not involved, "simple

possession of a controlled substance [does not] constitute[] a 'controlled substance offense' for purposes of United States Sentencing Commission, Guidelines Manual § 4B1.1(a)"). As a consequence, under the terms of the plea agreement Hartsfield waived the right to challenge the calculation of his sentence — including a claim that counsel rendered ineffective assistance for not challenging the sentence — and nonetheless, as shown above, Hartsfield's challenge lacks merit.

Lastly, although not cited by Hartsfield, the recently decided *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), affords Hartsfield no relief. A sentence under the ACCA is supported by prior convictions for either a violent felony or a serious drug offense or a combination of each. *Johnson* holds that the residual clause for determining what qualifies as a violent felony is unconstitutionally vague. Because Hartsfield's ACCA sentence is based on at least three prior serious drug convictions and not the residual clause, *Johnson* is inapplicable.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Hartsfield and close this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Hartsfield is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must

first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Hartsfield must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Hartsfield is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Hartsfield must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 3, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE